UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL D. JOSEPH,<br><br>                             Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>                             Defendant. | Case No.: 20-cv-00831-GPC-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>**[ECF No. 6]** |

Before the Court is Defendant American General Life Insurance Company's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).  ECF No. 6.  Based on the Complaint, moving papers, related documents, and applicable law, the Court **GRANTS** Defendant's Motion **WITH PREJUDICE**.

**I.    BACKGROUND**

   **A.    Relevant Factual Allegations**

Plaintiff's father, Mr. Harold Joseph ("Mr. H. Joseph"), had purchased life insurance policy number A10107470L ("Policy") from Defendant on November 15, 1993—when Mr. H. Joseph was seventy-two years old and suffering from Alzheimer's

Disease. Compl., ECF No. 1, ¶¶ 7, 8. The face amount of the policy was $3,261,392.00 when issued, which decreased to $2,086,044.00 at the time Plaintiff filed the Complaint. *Id.* ¶ 9. While Mr. H. Joseph understood that the Policy would pay the beneficiaries on his death, such was not the case—both Mr. H. Joseph and his wife, Ms. Bea Joseph ("Ms. B. Joseph"), must pass away. *Id.* ¶ 10. Further, if either live to be over 100 years old, the Policy would never pay off. *Id.* ¶ 11. Mr. H. Joseph passed away on January 29, 2009, and Ms. B. Joseph passed away on August 26, 2018. *Id.* ¶¶ 12, 13.

Since Mr. H. Joseph's passing, the Harold Joseph Life Insurance Trust ("Trust") has paid more than $300,000.00 in premium payments, some from the Policy's cash value and some from Plaintiff's personal funds. *Id.* ¶ 14. On or around November 7, 2013, Plaintiff made a "timely" $15,000 premium payment toward the Policy from his personal assets. *Id.* ¶ 23, 24. However, Defendant "cashed the payment and then sent a 'refund' check to [P]laintiff." *Id.* ¶¶ 24. Defendant then canceled the Policy.[1] *See id.* ¶¶ 3, 42.

In general, Plaintiff alleges that Defendant employs a "common and regular practice" of omitting and concealing the option of a "life settlement." *Id.* ¶ 16. A life settlement is when the seller of an insurance policy receives more than the policy's cash surrender value but less than its death benefit, an "attractive option" for elder citizens (including Plaintiff) who do no wish to continue the insurance. *Id.* ¶ 15.

---

[1] This Court notes that the allegations behind Defendant's Policy cancellation are in tension. Initially Plaintiff states that Defendant participates in a "systematic practice" of "cancelling policies for non-payment even when the policies should not be cancelled." Compl., ECF No. 1, ¶ 3. Later, Plaintiff states that Defendant "accept[ed] insurance premiums and then cancel[ed] the [P]olicy for no stated reason." *Id.* ¶ 42.

### B. Prior Lawsuits

Prior to this action, Plaintiff filed two other lawsuits: first in Florida ("Florida Action"), then in California ("California Action"). On December 2, 2013, Plaintiff initiated a complaint in the U.S. District Court for the Southern District of Florida, *Joseph v. Bernstein*, No. 1:13-cv-24355-CMA (S.D. Fla.). Def.'s Req. for Judicial Notice ("RJN")[2] Ex. 10, ECF No. 7-11. In the Florida Action, Plaintiff asserted claims for: (1) violating the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Securities and Exchange Act when Plaintiff could not sell the insurance policy in 2009 and 2010; (2) violating the Florida Unfair Trade Practices Act for failing to explain that the policy would become worthless if the insureds survived past 100, and that the policy is difficult (if not impossible) to sell; (3) elder abuse in violation of Florida's Social Welfare Law by selling Mr. H. Joseph a policy that he did not understand nor want; and (4) fraud for misrepresenting to Mr. H. Joseph that his children would receive benefits on his death. RJN Ex. 12, ECF No. 7-13 at 4–14.

The court dismissed the case, which was affirmed by the U.S. Court of Appeals for the Eleventh Circuit, RJN Ex. 14, ECF No. 7-15, with the petition for en banc hearing

---

[2] The Court takes judicial notice of only the documents presented as Exhibits 10 to 19 by Defendant, ECF No. 7. Courts may take judicial notice of facts "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 210(b). Hence, courts "may take judicial notice of matters of public record." *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008). Exhibits 10 to 19 are judicially noticeable as true and correct copies of matters of public record. Plaintiff does not object to these specific documents. Pl.'s Opp'n to Req. for Judicial Notice, ECF No. 13 at 1. In contrast, Exhibits 1 to 9 are not publicly recorded, and Plaintiff contests the authenticity of the documents. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted) (discussing how no party must question the authenticity of the copy); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

denied. *Joseph v. Bernstein*, No. 14-13989 (11th Cir.). The U.S. Supreme Court denied Plaintiff's petition for a writ of certiorari, *Joseph v. Bernstein*, 136 S. Ct. 902 (2016). RJN Ex. 15, ECF No. 7-16.

Subsequently, on January 20, 2016 Plaintiff filed a complaint in the Superior Court of California, County of Los Angeles, which Defendant filed for removal to the U.S. District Court for the Central District of California on February 23, 2016, *Joseph v. Am. Gen. Life Ins. Co.*, No. 2:16-cv-01245-SJO-GJS (C.D. Cal.). RJN Ex. 16, ECF No. 7-17. In the California Action, Plaintiff asserted claims for: (1) violating the California Consumer Legal Remedies Act ("CLRA") as Defendant "inserted unconscionable provisions in the insurance contract"; (2) financial abuse of an elder, in which "Defendants took, secreted, appropriated, obtained, or retained Plaintiff's personal property for a wrongful use and with intent to defraud[ b]y accepting insurance premiums and then canceling the policy for no stated reason"; and (3) unlawful, unfair, and fraudulent business practices "by discouraging, failing to inform and/or concealing from Plaintiff the option of a life settlement when presenting them with options regarding their life insurance policies." *Id.* at 25–28.

Ultimately, the court dismissed Plaintiff's California complaint without leave to amend because the court found that Plaintiff's claims were "barred by the doctrine of res judicata, the applicable statute of limitations, or both." RJN Ex. 17, ECF No. 7-18 at 17. The court entered a judgment against Plaintiff pursuant to the dismissal with prejudice. RJN Ex. 18, ECF No. 7-19. Plaintiff appealed, and on May 31, 2017, the U.S. Court of Appeals for the Ninth Circuit affirmed the court's order dismissing the case, *Joseph v. Kaye*, No. 16-56151 (9th Cir.), RJN Ex. 19, ECF No. 7-20.

### C. Procedural History in This Court

On May 1, 2020, Plaintiff filed this Complaint. ECF No. 1. Here, Plaintiff has asserted claims of: (1) violating the CLRA "by inserting unconscionable provisions in the

insurance contract"; (2) financial abuse of an elder, in which Plaintiff alleges that "Defendant took, secreted, appropriated, obtained, or retained Plaintiff's personal property for a wrongful use and with intent to defraud[ b]y accepting insurance premiums and then canceling the policy for no stated reason"; (3) unlawful, unfair, and fraudulent business practices "by discouraging, failing to inform and/or concealing from Plaintiff the option of a life settlement when presenting them with options regarding their life insurance policies"; (4) wrongfully refusing to reinstate policy based on the allegations made previously; (5) wrongfully canceling the policy based on the allegations made previously and by failing to provide "proper and legal notice of cancellation"; and (6) unjust enrichment for Defendant's "misappropriation of all payments made on the policy," "wrongful cancellation[,] and wrongful refusal to reinstate the policy." Compl., ECF No. 1 at 6–10.

On July 7, 2020, Defendant moved to dismiss the case pursuant to FRCP 12(b)(6), based in part on the doctrine of res judicata, the statute of limitations, or both—similar to what was argued in the California Action. ECF No. 6. The RJN was filed in support of Defendant's Motion to Dismiss as well. ECF No. 7. Plaintiff responded in opposition, both to the Motion and the RJN. ECF Nos. 12, 13. Defendant filed a Reply to Plaintiff's Response to the Motion to Dismiss. ECF No. 14.

## II. LEGAL STANDARD

A motion to dismiss pursuant to FRCP 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted if the complaint lacks a cognizable legal theory or fails to plead essential facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 547 (2007)).  Determining the plausibility of the claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  In reviewing the motion to dismiss under FRCP 12(b)(6), the court must assume the truth of all factual allegations and construe all inferences from them in the light most favorable to the non-moving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  However, assertions that are mere "legal conclusions" need not be taken as true just because they are cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678; *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (discussing that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss").

If a court finds that plaintiff's claims are barred by res judicata,[3] then plaintiff has not stated a claim for relief and the court may dismiss the claim under FRCP 12(b)(6). *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).  Dismissal is also appropriate if it is "apparent on the face of the complaint" that a claim is barred by the applicable statute of limitations. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

When ruling on the motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not

---

[3] The Court acknowledges that the California Supreme Court started to use the term "claim preclusion" over "res judicata" for clarity, *see Samara v. Matar*, 5 Cal. 5th 322, 326 (2018), since the res judicata doctrine used to refer to both claim and issue preclusion. *See generally* 18 Wright, Miller & Cooper, *Federal Practice and Procedure* § 4402 (3d ed.).  For this Order, the term "res judicata" exclusively means claim preclusion and not issue preclusion. *Cf. In re NCAA Athletic Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1255 (9th Cir. 2020) (using the term "res judicata" synonymously with claim preclusion).

attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The court need not accept as true "allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## III. DISCUSSION

The Court concludes that Plaintiff's Complaint is precluded by the doctrine of res judicata, and mostly time-barred by the statute of limitations. Because both theories independently bar the instant action, the Court **GRANTS** Defendant's Motion to Dismiss, without further needing to address (1) whether Plaintiff's CLRA claim is based on false allegations, (2) whether Plaintiff fails to state a claim for financial elder abuse, and (3) whether Plaintiff's claims for attorneys' fees and punitive damages are baseless.

### A. Res Judicata

Courts are required to acknowledge the legitimate and binding authority of the decisions of other courts. Preventing parties from contesting matters they had the full opportunity to litigate relieves "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979) (citations omitted); *see also Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002) (discussing how res judicata "promotes judicial economy" and "precludes piecemeal litigation").

Specifically, res judicata "bar[s] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a final judgment on the

merits." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980) (citation omitted).

Under Ninth Circuit law, a federal court sitting in diversity must apply the res judicata law of the state where the court sits. *Gramm v. Lincoln*, 257 F.2d 250, 257 n.6 (9th Cir. 1958) (citations omitted). However, under California law, the res judicata effect of a prior federal court judgment is analyzed using federal standards. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (citing *Younger v. Jensen*, 26 Cal. 3d 397, 411 (1980); *Levy v. Cohen*, 19 Cal. 3d 165, 172–73 (1977); 4 B. Witkin, *California Procedure*, Judgment, § 156(b) (2d ed. 1971)); *accord Guerrero v. Dep't of Corr. & Rehab.*, 28 Cal. App. 5th 1091, 1100–03 (2018). And in federal law, for res judicata to apply there must be: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 323–24 (1971) (citing *Bernhard v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 19 Cal. 2d 807, 813 (1942)).

The Court concludes that all three requirements have been met, and therefore bars Plaintiff's claims on res judicata grounds. Plaintiff's discussion on issue preclusion in his Opposition Brief, *see* ECF No. 12 at 6, has no effect on the Court's reasoning because the Court is precluding Plaintiff's Complaint based on claim preclusion.

### 1. Identity of Claims

The Court concludes that there is identity of claims. The Ninth Circuit determines whether successive lawsuits' claims are identical based on the following:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980) (citation omitted). The last of the four criteria, the same transactional nucleus of facts, is the most important. *Id.* As to this

8

factor, the Ninth Circuit has held that "[r]es judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (alteration in original) (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)).  And at its core, every single allegation made by Plaintiff—in all three cases—arises from the same Policy that Plaintiff's father entered in 1993.  In all three cases, Plaintiff argues: (1) he did not receive the benefits allegedly due under the Policy after Mr. H. Joseph's passing; (2) Defendant accepted payments from Plaintiff on the premiums that were due under the Policy; and (3) Defendant failed to inform Plaintiff and his father of the life settlement option.  *See* RJN Ex. 17, ECF No. 7-18 at 12.

The first three causes of actions clearly arise from the same transactional nucleus of facts.  As one would have noticed by comparing the claims discussed *supra* Sections I.B and C, the first three claims in the current Complaint are almost the exact same as the claims presented in the California Action, with a few minor changes in wording.  *Compare* Compl., ECF No. 1 at 6–9 (paragraphs 32 to 58), *with* RJN Ex. 16, ECF No. 7-17 at 25–28 (paragraphs 32 to 58).

Moreover, the allegations in the Complaint are almost identical to what was presented in the California Action.  *Compare* Compl., ECF No. 1 at 1–6 (paragraphs 1 to 31), *with* RJN Ex. 16, ECF No. 7-17 at 20–25 (the introductory paragraph and paragraphs 1 to 31).  The only noticeable difference in factual allegations between what is in the Complaint versus the California Action is the following: (1) Plaintiff's age changed; (2) Ms. B. Joseph passed away; (3) Mr. Alan L. Kaye, an insurance agent, is no longer a defendant; (4) Plaintiff now resides in La Jolla instead of Los Angeles; and (5) the beneficiaries of the Trust are also now elders.

None of these differences have any bearing on the transactional nucleus. Plaintiff already was an "elder" in the California Action. The Ninth Circuit has affirmed that Mr. Kaye "was fraudulently joined to defeat diversity jurisdiction" since there was no cause of action against him. RJN Ex. 19, ECF No. 7-20 at 3–4. Plaintiff's place of residency is not a part of the dispute. Finally, whether the beneficiaries are now elders also makes no difference because there already was an "elder" in the California Action.

Plaintiff seeks to distinguish this case from the earlier lawsuits explaining that Ms. B. Joseph's passing makes this case different because "Plaintiff could not have sued for benefits on the policy until she passed away." ECF No. 12 at 7–9. Yet Plaintiff had sued for benefits on the Policy before Ms. B. Joseph passed away on identical grounds. Plaintiff filed the Florida Action and California Action raising the same claims (regarding the allegedly unconscionable insurance provisions, improper cancellation, and failure to inform of the life settlement option) that are raised here. *See* Compl., ECF No. 1 at 6–9. All the complained-of acts, including the cancellation of the subject Policy, had already occurred, years before Ms. B. Joseph passed away. Consequently, her passing does not alter the transactional nucleus of facts because Plaintiff is suing based on actions that happened prior to Ms. B. Joseph's death.

The three "new" causes of action in this Complaint do not fare any better. The fourth claim alleges that Defendant wrongfully refused to reinstate the Policy. This same allegation is made in the California Action. *See* RJN Ex. 16, ECF No. 7-17 at 26, 28 (paragraphs 37.c and 58). The fifth claim alleges that Defendant wrongfully cancelled the policy. The California Action already alleged this too. *See id.* at 21, 25, 26 (paragraphs 3, 5, 35, and 42). Finally, the sixth claim alleges that Defendant was unjustly enriched by the misappropriation of payments, wrongful cancellation, and wrongful refusal to reinstate policy. The supposed "misappropriation" refers to the payments that Defendant received from the Policy. *See* Compl., ECF No. 1 ¶ 67. Once again, the

California Action already made such allegations. *See* RJN Ex. 16, ECF No. 7-17 at 22–23 (paragraph 13, 22, and 23). All the complained-of conduct preceded Ms. B. Joseph's passing. And Plaintiff cannot avoid res judicata by manufacturing new legal theories that could have been raised in the previous lawsuit. *See, e.g.*, *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).[4]

In sum, nothing salient is new here. Plaintiff has consistently alleged an infringement of his right to: collect benefits under the Policy, sell the Policy, and be informed about the option of a life settlement in lieu of the Policy. These rights were allegedly violated prior to Ms. B. Joseph's passing. Plaintiff has not raised a new claim that has not or could not have been raised in the California Action and Florida Action. Therefore, the Court finds that all three lawsuits arise out of the same transactional nucleus of facts.

As to the remaining three factors in the Court's identity of claims analysis, they also support claim preclusion. Revisiting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980), the remaining three factors are: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right." Prosecuting the current action would disrupt Defendant's right that was established in the Southern District of Florida and the Central District of California, where the courts granted finality by dismissing Plaintiff's complaint with prejudice. The evidence presented would be substantially the same—if not identical—since the challenge concerns the Policy, the "late payments," cancellation

---

[4] For the same reasons and as discussed in *Costantini*, whether the issue was "actually litigated" is irrelevant since claim preclusion focuses on what *could* have been litigated as well. 681 F.2d at 1201 (discussing how appellant conflates issue preclusion and claim preclusion, where the "actually litigated" factor is inapplicable to claim preclusion).

of the Policy, Plaintiff's inability to proceed with the life settlement, and the Policy's benefits.  Finally, all three lawsuits implicate the same right: Plaintiff's right to collect benefits, right to be informed of the life settlement option, and the right to sell the Policy.  All of the *Harris* factors establish that there is an identity of claims.

### 2. Final Judgment on the Merits

Next, there was final judgment on the merits because both the Florida Action and California Action dismissed Plaintiff's complaint with prejudice pursuant to FRCP 12(b)(6).  Plaintiff argues that a judgment on the merits is mandatory and that dismissal alone is not determinative, Pl.'s Resp., ECF No. 12 at 9, and the Court agrees.  Dismissing a case with prejudice pursuant to FRCP 12(b)(6) is a final judgement on the merits.  *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 955–56 (9th Cir. 2002) (citation omitted).  The dismissals in the Florida Action and California Action thus are easily distinguishable from Plaintiff's *Hardy v. Am.'s Best Home Loans*, 232 Cal. App. 4th 795, 803–07 (2014), which was a state court case (with different choice-of-law implications) where the preceding dismissals were for a failure to prosecute under FRCP 41(b).

In the Florida Action, the court dismissed Plaintiff's first amended complaint without leave to amend and instructed to mark the case as closed.  RJN Ex. 13, ECF No. 7-14.  Contrary to Plaintiff's characterization of the decision, *see* Pl.'s Resp., ECF No. 12 at 9, the court did not rule on mere technicality or procedural chicanery.  The pleadings were deficient because even after the opportunity to amend the complaint, Plaintiff's arguments still lacked merit, with no room for improvement.  RJN Ex. 13, ECF No. 7-14 at 8–9, 17–18, 20–21.  This dismissal with prejudice was affirmed both by the Eleventh Circuit and the U.S. Supreme Court.  RJN Exs. 14, 15, ECF Nos. 15, 16.  Similarly, the

California Action was dismissed with prejudice pursuant to FRCP 12(b)(6) because all of Plaintiff's claims were barred by res judicata based on the Florida Action. RJN Ex. 17, ECF No. 7-18 at 10–15. The unlawful business practice claim was further barred based on the statute of limitations. *Id.* at 15–16. This dismissal was again affirmed, this time by the Ninth Circuit. RJN Ex. 19, ECF No. 7-20. In sum, not only was there a final judgment on the merits, it occurred twice, each time affirmed by the respective circuit court.

### 3.    Identity or Privity Between Parties

Finally, there is identity and privity between parties. Defendant American General Life Insurance Company has been a defendant in both the Florida Action and California Action. No one contests the nature of the parties.

Because there is identity of claims, final judgment on the merits, and identity and privity between parties, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Complaint based on res judicata.

### B.    Statute of Limitations

Defendant moves to dismiss the Complaint under the statute of limitations as well.[5] Plaintiff has failed to oppose the motion. As Defendant appropriately flagged, *see* Def.'s Reply Br. at 1, ECF No. 14, Plaintiff "does not contest the untimeliness of his claims."

Plaintiff's first cause of action is a CLRA claim. The Complaint alleges that Defendant violated the CLRA "by inserting unconscionable provisions in the insurance contract." ECF No. 1, ¶ 37. The corresponding CLRA violation is California Civil Code

---

[5] Because Defendant does not explicitly move to dismiss Plaintiff's second cause of action on statute of limitations grounds, the Court will skip this part of the analysis. However, the Court notes that the California Welfare and Institutions Code Section 15657.7 sets the statute of limitations to be four years since a plaintiff "discovers or . . . should have discovered the facts constituting the financial abuse [of an elder]."

Section 1770(a)(19) (discussing that "Inserting an unconscionable provision in the contract" is unlawful). Section 1783 of the Code states: "Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice." Since the Policy was issued in 1993, Compl., ECF No. 1, ¶ 7, the statute of limitations expired in 1996.

Plaintiff's third cause of action asserts that Defendant violated the California Unfair Competition Law ("UCL") either because Defendant discouraged, failed to inform, and/or concealed the life settlement option, *id.* ¶ 53, or because Defendant's business practice constituted financial elder abuse, *id.* ¶ 54. On the life settlement option allegation, Plaintiff has admitted that he was aware of his ability to sell the Policy by 2010 at the latest. After all, Plaintiff's first amended complaint in the Florida Action stated that he "attempted for more than one year to sell the insurance policy at issue, in 2009 and 2010," but was "unable to sell the policy because of AIG's illegal activities." RJN Ex. 12, ECF No. 7-13, ¶ 45.

On the financial elder abuse allegation, the alleged conduct of "cancelling" the Policy occurred in 2015 at the latest,[6] since the Complaint states that Plaintiff sent a notice of intent to sue on November 19, 2015 which "provided that the policy was cancelled without proper notice and with no reasons provided." ECF No. 1, ¶¶ 33, 35. The statute of limitation for a UCL violation is four years. Cal. Bus. & Prof. Code § 17208. Therefore, the statute of limitations expired at least in 2019.

Finally, Plaintiff's fourth, fifth, and sixth causes of action assert a "wrongful refusal to reinstate policy," "wrongful cancellation of policy," and "unjust enrichment"

---

[6] Defendant states in its Brief that the events in dispute occurred in 2014. Def.'s Mem. of P. & A. at 13, ECF No. 6-1. However, the supporting documents are those that are not judicially noticed by the Court, as discussed *supra* note 2 of the Order.

from the misappropriation of payments made on the Policy. All these causes of action arise from the alleged cancellation of the Policy, which occurred in 2015 at the latest, as previously discussed.

While Defendant states that the statute of limitations for these three claims is three years based on the CLRA statute of limitations, Def.'s Mem. of P. & A. at 17, ECF No. 6-1, these causes of action do not refer to the CLRA. Rather, Plaintiff cites to *Ryman v. Am. Nat. Ins. Co.*, 5 Cal. 3d 620 (1971) to argue that there is a "contractual right" in which an "insurance company cannot arbitrarily refuse reinstatement." Compl., ECF No. 1, ¶ 60. Accordingly, these causes of actions are founded on contractual rights. However, California's statute of limitations for written contractual disputes—including "action[s] based upon the rescission of a contract in writing"—is four years.[7] Cal. Civ. Proc. Code § 337. Therefore, the statute of limitations for these three claims expired in 2019 as well.

In the view of the above analysis, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's first, third, fourth, fifth, and sixth causes of action based on the statute of limitations.

## IV. AMENDMENT OF COMPLAINT

When a court grants a motion to dismiss pursuant to FRCP 12(b)(6), it has discretion to allow a leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could

---

[7] A federal court sitting in diversity "appl[ies] substantive state law, including state law regarding statutes of limitations and tolling." *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 946 (9th Cir. 2018) (citing *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011)).

not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Plaintiff's Complaint cannot be saved by amendment. The entire Complaint is barred by res judicata. Five of the six causes of action are also barred by the relevant statute of limitations. No amendment can cure the fact that the same lawsuit has been filed and dismissed twice or that the causes of action have expired. Further, there is no risk of prejudice since Plaintiff has had multiple bites at the apple in multiple judicial forums and each time the dismissals have been affirmed by the relevant appellate courts. *Cf. Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'"). Accordingly, the Court's dismissal of the instant action is **WITH PREJUDICE**.

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The hearing set before this Court for October 23, 2020 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 20, 2020

Hon. Gonzalo P. Curiel
United States District Judge